Bergah, J.
Claimant was employed as a messenger by a music publishing firm. He was at that time seventy-seven years old. He testified that on May 7,1947, while carrying a bundle of music to his employer’s office he fell on stairs entering a subway station; that he phoned his employer, whose manager sent a taxi for him, and that the next day he went to a hospital for treatment.
He had sustained a fracture of the neck of the left femur which was given surgical treatment. Because a hospital record states the date of the accident as “ May 8, 1947 ” instead of May 7th, and because the claimant said in his report of accident that it occurred May 7th and he stopped work on that day, appellants urge upon us the tenuous argument that he was not employed by employer on May 8th and therefore he did not sustain an accident arising out of and in the course of employment.
The testimony of the work being done for the employer at the time of the accident and of the employer’s directions and acts in respect of it are wholly uncontradicted in the record although the carrier’s attorney asked for and was allowed opportunity to call the employer. “ We’ll bring him in ”, he said.
No witness on the question of accident or notice was produced by appellants. They asked for and were allowed several distinct opportunities to produce the operating surgeon, which they did not do. Notwithstanding successive neglected opportunities to produce witnesses, appellants argue they were “ not given sufficient opportunity to produce their evidence.”
Documentary proof by the formal and written admission of the employer and its records show the payment of salary and *331 the relationship of employer and employee continued to May 9, 1947. We regard the difference in date between a hospital record and other proof as unimportant and the appeal here to be without any substance or merit.
The award should be affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Brewster, Deyo and Coon, JJ., concur.
Award affirmed, with costs to the Workmen’s Compensation Board.
This court certifies that the appeal herein was not taken upon meritorious grounds, and the award herein is increased by the sum of $100 under section 23 of the Workmen’s Compensation Law.